IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                            CRIMINAL ACTION NO.  3:18-00253

STEVEN JAMAR ALEXANDER
    also known as "Duke"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Steven Jamar Alexander's *pro se* Petition for Writ of Error Coram Nobis. ECF No. 51. For the reasons described below, the Court **DENIES** Defendant's motion.

**I. BACKGROUND**

Defendant requests that the Court vacate his prior conviction through a coram nobis petition under 28 U.S.C. § 1651 which provides that "[a]n alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction." When a party is proceeding *pro se*, as Defendant is, courts should liberally construe the *pro se* party's filings. *See Estelle v. Bamble*, 429 U.S. 97, 106 (1972) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

In October of 2018, Mr. Alexander faced a five-count indictment in the Southern District of West Virginia. *Indictment* 1, ECF No. 1. In early 2019, Mr. Alexander pled guilty to Count I, distribution of quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1). *Plea Hearing*, ECF No. 26. He was sentenced in May of 2019 to 77 months imprisonment, followed by three years of supervised release, and a $100 special assessment. *Judgment*, ECF No. 41. According to Mr. Alexander, he was released from prison on May 16, 2023. *Pet. for Writ of Error Coram Nobis* 3, ECF No. 51. This Court granted Defendant's request for early termination of supervised release

on February 19, 2025. *Order Granting Def.'s Request for Early Termination of Supervised Release*, ECF No. 48. Defendant has completed his term of supervised release and seeks to have his conviction as to Count I vacated. *Pet. for Writ of Error Coram Nobis* 13.

## II. STANDARD OF REVIEW

In *United States v. Sutherland*, 103 F.4th 200 (4th Cir. 2024), the Fourth Circuit described a writ of coram nobis as an "ancient and rare" doctrine that "affords a district court the authority to vacate a criminal conviction after a defendant's sentence has been completely served." 103 F.4th at 210 (internal quotation marks and citation omitted). Such a writ "is a remedy of last resort and is narrowly limited to extraordinary cases presenting circumstances compelling its use to achieve justice." *Id.* (internal quotation marks and citation omitted). To be granted such extraordinary relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (citation omitted).

## III. ANALYSIS

Mr. Alexander petitions the Court for coram nobis relief, arguing his Fifth and Sixth Amendment rights were violated by (1) a legally insufficient indictment, and (2) the ineffective assistance of counsel. *Pet. for Writ of Error Coram Nobis* 6.

To briefly address the other elements required of a petition for writ of coram nobis, Mr. Alexander argues there is no other remedy available to him, as he has now completed his sentence for his 2019 conviction. *Id.* at 4. Mr. Alexander argues he did not appeal or request relief under § 2255 because he was only recently informed, by a paralegal, of the error of constitutional

magnitude, resulting in a miscarriage of justice if not corrected. *Id.* Mr. Alexander seeks relief contending he is suffering "collateral lingering consequences caused by this prior conviction in which has been utilized to enhance his current federal conviction." *Id.* (citing *United States v. Steven Alexander*, No. 2:25-cr-00070-1 (S.D. W. Va., Charleston Division, filed Mar. 16, 2025)).

The Court evaluates the alleged errors forming the basis for Mr. Alexander's petition and finds that the fourth element for coram nobis relief is not satisfied.

First, Mr. Alexander claims the indictment was insufficient. Count I of the indictment reads as follows:

> On or about August 14, 2018, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, Defendant STEVEN JAMAR ALEXANDER, also known as "Duke," knowingly and intentionally distributed a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> In violation of Title 21, United States Code, Section 841(a)(1).

*Indictment* 1.

The Sixth Amendment requires that a defendant is "informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI. The Fifth Amendment forbids subjecting any person from being "twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend V. In accordance with these rights, the indictment "must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009) (internal quotation marks and citation omitted). An indictment containing wording of the statute itself is generally sufficient, "as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *United States v. Carll*, 105 U.S. 611, 612 (1882)).

Mr. Alexander argues the indictment failed to put him on notice of the statutory penalty provision, citing *United States v. Daniels*, 973 F.2d 272, 275–76 (4th Cir. 1992). *Pet. for Writ of Error Coram Nobis* 7. In *U.S. v. Daniels*, the Fourth Circuit determined an indictment was invalid because it lacked an essential element of the charged offense, namely, the violated provision within Title 26 that regulated firearm transfers. *Daniels*, 973 F.2d at 275. Despite the district court permitting amendment, the Government did not seek to have the grand jury return a superseding indictment. *Id.* at 273. There, the flawed indictment included the statutory penalty provision, however, the Court held the required elements were "1) the knowing transfer; 2) of a firearm; 3) in violation of the provisions of this chapter . . .. Because the transfer of a firearm must violate other provisions of Title 26, Chapter 53 in order to violate § 5861(e), this element is necessary to establish the very illegality of the behavior and is, therefore, an essential element of the offense." *Id.* at 275 (citations omitted and cleaned up). *Daniels* does not indicate that the penalty provision must be present within the indictment or that Mr. Alexander's indictment was flawed for a lack of reference to penalty provision 21 U.S.C. § 841(b)(1)(C). Mr. Alexander's indictment included the essential elements, the knowing and intentional distribution of a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1).

Next, Mr. Alexander argues the indictment fails to track the statutory language of 21 U.S.C. § 841(b)(1)(C) by excluding "its salts, isomers, and salts of its isomers." *Pet. for Writ of Error Coram Nobis* 7. Mr. Alexander was convicted of violating 21 U.S.C. § 841(a)(1) by knowingly and intentionally distributing a quantity of mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. *Indictment* 1. The language referenced by Mr. Alexander is not found in 21 U.S.C. § 841(a)(1) or even the relevant penalty provision for

violations involving Schedule II controlled substances, 21 U.S.C. § 841(b)(1)(C).[1] The indictment

tracked the relevant statutory language.

Mr. Alexander next argues that the indictment did not include the essential element of the

charge, that "at the time of such distribution the defendant knew that the substance was

methamphetamine." *Pet. for Writ of Error Coram Nobis* 7 (citing *United States v. Monger*, 185

F.3d 574 (6th Cir. 1999).[2] The Court disagrees. The indictment specifically includes the words

---

[1] *See* 21 U.S.C. § 841(b)(1)(C) ("In the case of a controlled substance in schedule I or II, gamma hydroxybutyric acid (including when scheduled as an approved drug product for purposes of section 3(a)(1)(B) of the Hillory J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 2000), or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $2,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under the provisions of this subparagraph which provide for a mandatory term of imprisonment if death or serious bodily injury results, nor shall a person so sentenced be eligible for parole during the term of such a sentence.").

[2] The quote does not originate from the *U.S. v. Monger* case, rather Mr. Alexander references a portion of the procedurally distinguishable case which notes, "A violation of 21 U.S.C. § 841(a), possession with intent to distribute, requires: (1) knowingly or intentionally, (2) possessing, (3) with the intent to distribute, (4) a controlled substance. A violation of 21 U.S.C. § 844(a), simple possession, requires: (1) knowingly or intentionally, (2) possessing, (3) a controlled substance. *See United States v. Sharp*, 12 F.3d 605, 606 (6th Cir.1993) (finding that simple possession is a lesser included offense of possession with intent to distribute)."). *United States v. Monger*, 185 F.3d at 577 n.2. The Court does not find the elements identified in the Sixth Circuit decision to be distinguishable from those included in Mr. Alexander's Count I of the indictment.

"knowingly and intentionally." *Indictment* 1.

Mr. Alexander further argues that the Court improperly and constructively amended the "essential elements" of Count I during his plea hearing by notifying him of the following:

> If the Government had to go to trial on this charge, the Government would have to prove beyond a reasonable doubt: First, that you knowingly and intentionally distributed a mixture and substance containing a detectible amount of methamphetamine; And, second, at the time of distribution, you knew the substance was a controlled substance. Methamphetamine is a controlled substance. To distribute means to deliver or transfer possession or control of – over something from one person to another. That includes the sale of something. An act is done knowingly when it's done voluntarily and intentionally and not because of a mistake, or accident, or some innocent reason. And an act is done intentionally if it's done knowing the act is one the law forbids and purposefully intending to violate the law. Now, considering this explanation, do you believe you're guilty of this charge?

*Tr. of Plea Hearing* 9:25-10:19, Def.'s Ex. A, ECF No. 51-1, at 4–5; *Pet. for Writ of Error Coram Nobis* 11. At the plea hearing, following the above referenced sequence of statements, Defendant answered affirmatively and explained his conduct resulting in a guilty plea. *Tr. of Plea Hearing* 10:20–25, ECF No. 51-1, at 5. Rule 11 of the Federal Rules of Criminal Procedure indicates "the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'" *United States v. Ponce*, No. 23-4611, 2025 WL 2437833, at *2 (4th Cir. Aug. 25, 2025) (citing *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023)). Considering the word "knowingly" is contained within the indictment, the provided explanation, after the complete reading of Count I of the indictment, is not inconsistent with or in deviation from the elements of the charged offense. Mr. Alexander's indictment satisfactorily "contain[ed] the elements of the offense charged," fairly informed him of the charge, and was specific enough to enable him to "plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Kingrea*, 573 F.3d at 191.

Lastly, Mr. Alexander argues ineffective assistance of counsel. To establish a Sixth Amendment claim of ineffective assistance of counsel, the petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by showing (1) that defense counsel's performance "fell below an objective standard of reasonableness" measured by "prevailing professional norms," and (2) that the "deficient performance prejudiced [his] defense." *Id*. at 687–88. Mr. Alexander claims ineffective assistance for counsel's failure to research, review, and motion to dismiss the indictment, which this Court has found is not flawed; therefore, the ineffective assistance of counsel claim also fails. *Pet. for Writ of Error Coram Nobis* 5–6. There are no errors of a fundamental character that warrant such rare and extraordinary relief as coram nobis.

## IV. CONCLUSION

For the foregoing reasons, Mr. Alexander's *pro se* Petition for Writ of Error Coram Nobis, ECF No. 51, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:        December 18, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE